# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:07cv25

| | |
|---|---|
| RICKY LYNN BOYD, ) <br> ) <br> Plaintiff, ) <br> Vs. ) <br> ) <br> MATTHEW GALLOWAY BAIRD and ) <br> DONNA DULA SMITH, also known as ) <br> DONNA DULA LAWS, and GREAT ) <br> AMERICAN INSURANCE COMPANY ) <br> OF NEW YORK, GREAT AMERICAN ) <br> INSURANCE COMPANY, ) <br> DEFENDANTS, TRADING AND ) <br> DOING BUSINESS AS GREAT ) <br> AMERICAN INSURANCE GROUP, ) <br> and INFINITY INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the court upon plaintiff's Motion to Remand Case to State Court for Lack of Federal Jurisdiction. Having carefully considered plaintiff's Motion to Remand Case to State Court for Lack of Federal Jurisdiction, his supporting brief, defendants' respective responses and supporting exhibits, and plaintiff's Reply, and having otherwise reviewed the pleadings, the court enters the following findings, conclusions, and Recommendation.

# FINDINGS AND CONCLUSIONS

## I.  Factual Background

The undersigned has closely considered the allegations of the Complaint and taken as true the factual allegations for the limited purpose of considering the Motion to Remand.

This action was originally filed on January 8, 2007, in the North Carolina General Court of Justice, Superior Court Division, Catawba County.  In the Complaint, plaintiff contends that he was involved in an automobile accident on January 8, 2004, in Hickory, North Carolina, and suffered personal injury as well as property damage. Complaint, at ¶¶ 11-12.  Thereafter, plaintiff filed suit against the driver as well as the owner of the automobile that had struck his automobile, whom he contends were uninsured. Id., at ¶¶ 13-14.  Plaintiff contends that he notified his own insurers - - the corporate defendants herein - - of the pendency of his tort claims against the uninsured motorist and owner and afforded such insurers an opportunity to defend the action on behalf of the tortfeasors. Id., at ¶¶ 13, 14, &17.  Plaintiff obtained a judgment against the tortfeasors in the amount $231,000.00. Id., at ¶ 16.

In this action, plaintiff brings two causes of action against his the tortfeasors in the accident and his own insurers.[1]  Inasmuch as it appears that the actual

---

[1] The corporate defendants argue that the named tortfeasors are not necessary parties to this action and are therefore nominal parties.  Plaintiff has conceded as much in its Reply by stating that:

> Defendants accurately assert that Plaintiff has already obtained a

tortfeasors are in fact nominal parties, the undersigned will refer to the corporate defendants herein simply as "defendants."

In the First Claim for Relief, which does reveal within its caption the nature of the claim, it appears that plaintiff is asserting the existence of a judgment debt, that the defendants are obligated to pay such debt under a contract or contracts of insurance they had with plaintiff, and that defendants have refused to pay such obligation thereby breaching their contractual obligations. Reading the First Claim for Relief liberally, it would appear that in the First Claim for Relief plaintiff has asserted or attempted to assert a claim for breach of contract against the defendants.[2]

In the Second Claim for Relief, plaintiff contends that the corporate defendants

---

> judgment in the North Carolina Catawba Superior Court against Defendants Baird and Smith arising out of the alleged negligence. Plaintiff made Defendants Baird and Smith parties to this action out of an abundance of caution to apprise Defendants Baird and Smith of the action and to allow Defendants Baird and Smith to appear if they so chose. If the Court should deem Defendants Baird and Smith nominal parties to this action, Plaintiff does not object.

Reply, at 2. Clearly, Baird and Smith are merely judgment debtors at this juncture, and the action is squarely between plaintiff and his own insurers on the issue of whether defendants have breached their contract of under or uninsured motorist coverage by refusing to pay the judgment, or whether they were justified in doing so based upon an alleged defect in notice. Put another way, the tortfeasors in the underlying action have no say in the contract dispute, and are by definition "nominal parties."

[2]     Inasmuch as the undersigned has been referred the Motion to Remand, see Order dated February 2, 2008, the undersigned's findings as to the *nature of the claim* are not intended as binding upon the district court or the respective parties as to any Rule 12(b)(6) motion which may put in issue whether a *claim has been stated*. Respective counsel may, however, wish to resolve any such disputes in light of the Order that issues upon this Recommendation.

-3-

have refused to either pay the judgment or negotiate with plaintiff in good faith. Id., at ¶¶ 30-31. Based on the allegations in the concluding paragraph of such claim, it appears that the plaintiff is asserting a claim of Unfair and Deceptive Trade Practices.

## II.     Procedural History

The action was timely removed by the defendants on or about March 2, 2007, and plaintiff moved to remand this matter to state court on November 8, 2007, arguing that this court lacks jurisdiction over the action due to a lack of complete diversity. Issues joined as to the Motion to Remand on November 20, 2008, when plaintiff filed his reply. The undersigned was referred such motion on February 2, 2008.

## III.    Discussion

### A.     Fraudulent Joinder/Nominal Defendants

When a court considers whether the presence of a non-diverse defendant - - presumptively,[3] the named individual defendants herein - - defeats the court's diversity jurisdiction, it looks to whether there is any possibility that plaintiff could obtain a judgment against the non-diverse defendants on the claims alleged. Beaudoin v. Sites, 886 F.Supp. 1300, 1302 (E.D.Va. 1995).

In conducting such review, the court is not limited to the allegations of a well-pled complaint, but may consider any evidence made a part of the record on the Motion for Remand, and apply standards similar to those used in considering motions

---

[3]     Plaintiff failed to allege in his Complaint the legal residence of the individual defendants.

for summary judgment. Id.; Goode v. STS Loan & Management, Inc., 2005 WL 106492, *2 (D.Md. 2005).[4] In conducting such review, the court must determine whether plaintiff has stated a viable cause of action against the non-diverse defendant, Chevron U.S.A., Inc. v. Aquillard, supra, and the court applies state law in determining the issue. Id.

    North Carolina law mandates that a plaintiff "allege the specific acts which constitute the defendant's negligence." Ormond v. Crampton, 16 N.C. App. 88, cert. denied, 282 N.C. 304 (1972). While a plaintiff's factual allegations must be taken as true, his legal conclusions need not be, Jackson v. Bumgardner, 318 N.C. 172, 174 (1986), and plaintiff's factual allegations must cover all elements of the cause of action. Stanback v. Stanback, 297 N.C. 181 (1979). Federal courts are mindful in conducting such review that the requirement of specificity under the North Carolina rules of pleading is greater than under the Federal Rules. Sutton v. Duke, 277 N.C. 94 (1970). "Fraudulent joinder" is a term of art used to describe the presence of a defendant who is not necessary for complete adjudication of the merits of plaintiff's claim, but whose presence, if allowed, would defeat diversity jurisdiction. In order to determine whether the doctrine of fraudulent joinder would prevent remand, the court must determine whether

> there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant . . . or . . . there has been outright fraud in the Plaintiff's pleadings of jurisdictional facts.

---

    [4] Due to the limits of ECF, a copy of such unpublished opinion is placed in the electronic record through reference to the Westlaw citation.

Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993) (citation omitted; emphasis in the original). See also Chevron U.S.A., Inc. v. Aguillard, 496 F.Supp. 1038, 1041 (M.D. La. 1980).

Clearly, there has <u>not</u> been any outright fraud in any of these pleadings. Instead, it would appear that plaintiff attempted to join the uninsured tortfeasors in an abundance of caution. The appropriate inquiry would, therefore, be whether plaintiff would be able to establish a cause of action against the in-state defendants under the standards above discussed. When the causes of action asserted in the Complaint are closely reviewed, it does not appear that such individual defendants are either necessary for a just adjudication or could assert any defense to the claims herein asserted.

Plaintiff's first claim is against the corporate defendants for breach of contracts of insurance to which these individual defendants were not privy. The second claim is a UDTPA claim against such insurers, to which the individual defendants could not be party inasmuch as the UDTPA is, a scheme regulating conduct between buyers and sellers and between businesses. See Roberson v. Dale, 464 F.Supp. 680 (M.D.N.C. 1979). See also Liggett Group, Inc. v. Sunas, 113 N.C. App. 19, 31 (1993); Buie v. Daniel Int'l, 56 N.C. App. 445, 448, *cert. denied*, 305 N.C. 759 (1982). Thus, plaintiff has stated no causes of action against the possibly non-diverse individual defendants, and their continued presence cannot, therefore, defeat diversity jurisdiction.

  **B.**   **Whether the Insurers are Deemed Residents of North Carolina**

Plaintiff also argues that under 28, United States Code, Section 1332(c)(1), the

court should deem the defendant insurers to be residents of the State of North Carolina and remand this action to Catawba County. Section 1332(c)(1) provide, as follows:

> (c) For the purposes of this section and section 1441 of this title - -
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that <u>in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business</u> . . . .

28 U.S.C. § 1332(c)(1)(emphasis added). When one reads the statute, at first blush, it would appear the statute would deem these defendants to be residents of North Carolina. This would require a determination which would require remand. When, however, the decisions which define the terms "direct action" are reviewed, it is apparent this is precisely the type of action that is not included.

In support of his position that this action should be remanded inasmuch as it is a "direct action," plaintiff cites this court to the decision of the district court in <u>Corn v. Precision Contracting, Inc.</u>, 226 F.Supp.2d 780 (W.D.N.C. 2002)(Thornburg, J.) for the proposition that "a 'direct action' is a tort claim in which the insurer essentially stands in the shoes of the legally responsible insured." Reply, at 3 (citing <u>Corn</u>, <u>supra</u>, at 3). While agreeing with plaintiff that <u>Corn</u> is highly persuasive if not controlling, the undersigned does not glean from Judge Thornburg's opinion the same conclusion. Instead, the undersigned will quote from page 782, rather than paraphrase Judge Thornburg:

Thus, a direct action would not include an action by the insured against the insurer based on its independent wrongs. Such claims include "actions brought against the insurer either by the insured for failure to pay policy benefits or by an injured third party for the insurer's failure to settle within policy limits or in good faith."

Corn, supra, at 782. As discussed above, this action has nothing to do with the alleged wrongs of the other driver and owner; instead, the two causes of action are for the "independent wrongs" of the insurance companies by an alleged breach of a contract of insurance and in violating the UDTPA by allegedly not fairly settling such claim with plaintiff.

The quote to which plaintiff was referring is not found at page 782 of Judge Thornburg's opinion (as cited), but at 783, and provides as follows:

> "[A] 'direct action' is a tort claim in which the insurer essentially stands in the shoes of its legally responsible insured ...." *Rosa*, 981 F.2d at 677. This is in contrast to cases in which the injured party "seeks to hold the insurer responsible for breaching the terms of its insurance policy or for its independent tortious acts." *Id.* Travelers has admitted the negligence of its insured and its obligation to pay under its policy; the only question involves the limits of that policy. Travelers does, in this case, stand in the shoes of its insured and is ready to abide by its policy. "The statute will not defeat diversity jurisdiction unless there is a claim held by a third party against an insured (for example, for intentional tort, fraud or negligence) that is identical to the one asserted against the insurance company as within the zone of primary liability for which the company issued the policy." 15 *Moore's Federal Practice*, § 102.58[3] (3rd ed.). Such is the case here; Travelers acknowledges its obligation to pay on behalf of the policy as a result of the negligent conduct of its insured. "[T]he insurer's status is that of payor of a judgment based on the negligence of one of its insureds." Id. The only issue is the amount of that judgment. Travelers has neither breached the contract nor committed an independent tort. Nor is this a matter involving the interpretation of the insurance policy itself. "One of Congress's main purposes in enacting § 1332(c)(1) was to curtail the availability of diversity jurisdiction." *Mennen Co. v. Atlantic Mut. Ins. Co.*, 147 F.3d 287, 290 (3rd Cir.1998). The undersigned finds that this declaratory judgment action is a direct action pursuant to § 1332(c)(1).

Id., at 783. Clearly, in this action the injured party seeks to hold the insurer responsible for breaching the terms of its insurance policy or for its independent tortious acts in violation of the UDTPA. Thus, this court in following the law cannot invoke Section 1332(c)(1) to defeat diversity jurisdiction. Beyond Judge Thornburg's decision, other cases support such a conclusion. Northbrook Nat. Insur. Co. V. Brewer, 493 U.S. 6 (1989); Searles v. Cincinnati Insur. Co., 998 F.2d 728 (9th Cir. 1993); Ming-Lewis v. The Standard Fire Insur. Co., 2005 WL 1923155 (D.Md. 2005).[5]

The undersigned will, therefore, respectfully recommend that plaintiff's Motion to Remand be denied.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that plaintiff's Motion to Remand Case to State Court for Lack of Federal Jurisdiction (#12) be **DENIED.**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal.

---

[5] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: February 7, 2008

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge