IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:07CV25-V

| | |
|---|---|
| RICKY LYNN BOYD,<br>   Plaintiff,<br><br>  v.<br><br>MATTHEW GALLOWAY BAIRD and<br>DONNA DULA SMITH, also known as<br>DONNA DULA LAWS, and GREAT<br>AMERICAN INSURANCE COMPANY<br>OF NEW YORK, GREAT AMERICAN<br>INSURANCE COMPANY,<br>DEFENDANTS, trading and doing<br>business as GREAT AMERICAN<br>INSURANCE GROUP, and INFINITY<br>INSURANCE COMPANY,<br>   Defendants. | )<br>)<br>)<br>)  **MEMORANDUM & ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on Plaintiff's Motion To Remand, filed November 8, 2007. (Documents #12, #13)

Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Dennis Howell was designated to consider and recommend disposition in the aforesaid motion. In an opinion filed February 7, 2008, Magistrate Judge Howell recommended that Plaintiff's motion to remand be denied. (M & R at 9.) Plaintiff filed Objections to the "Memorandum & Recommendation" of the Magistrate Judge on February 12, 2008. Plaintiff's objections are deemed to be timely and are considered herein.

# I. STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983); Keeler v. Pea, 782 F.Supp. 42, 43 (D.S.C. 1992). *De novo* review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct the court to the specific error in the magistrate judge's recommendations. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of Magistrate Judge Howell's "Memorandum & Recommendation" as well as a *de novo* review of the jurisdictional issues specifically raised in Plaintiff's objections.

# II. FACTUAL & PROCEDURAL BACKGROUND

Although Plaintiff does not state specific objections to the factual findings of the Magistrate Judge, Plaintiff seeks to supplement the record with additional findings. The Court adopts the findings of the Magistrate Judge, and the additional facts proffered by Plaintiff, and hereby incorporates them by reference. (M & R at 2-4; Pl.'s Obj. ¶¶1-7)

# III. DISCUSSION

The Court now considers Plaintiff's specific objections, all of which center around the magistrate judge's interpretation of "direct action" for purposes of determining whether diversity of citizenship exists pursuant to 28 U.S.C. §1332(c)(1).

Title 28, United States Code, Section 1332(c)(1) provides:

> [A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, *except that in any direct action against the insurer of a policy or contract of liability insurance, . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen*, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business[.]

Corn v. Precision Contracting, Inc., 226 F.Supp.2d 780, 782 (W.D.N.C. 2002) (*emphasis in original*). Thus, "Section 1332(c)(1) creates a special rule for insurers in "direct actions" - that is, cases in which a **person with a claim against the insur_ed_** sues the **insur_er_** directly." Corn, 226 F.Supp.2d at 782 (*emphasis added*) (*citing* Indiana Gas Co., Inc. v. Home Ins. Co., 141 F.3d 314, 317 (7th Cir.1998)).

In this case, Plaintiff Boyd seeks to invoke §1332(c)(1) so as to destroy complete diversity.[1] Thus, interpretation of the term "direct action" is determinative of Plaintiff's objection. In Corn v. Precision Contracting, Inc., Judge Thornburg opined that a §1332(c)(1) "direct action" does not include an insured's claim against an insurer based upon the insurer's conduct. Corn involved an automobile accident between the plaintiffs and the driver-employee of a tractor-trailer owned by Precision Contracting, Inc. ("Precision"). The plaintiffs commenced a declaratory judgment action in state court seeking judgment that a North Carolina statute, N.C. Gen. Stat. §20-309(a), as amended,[2] applied to the liability insurance policy at issue – the insurance policy issued to Precision by the defendant insurance company, Travelers Property Casualty Insurance Corporation

---

[1] If Defendant Great American is deemed a North Carolina citizen pursuant to §1332(c)(1) (because the civil action is characterized as a "direct action" as Plaintiff suggests), complete diversity is defeated and this Court lacks subject matter jurisdiction.

[2] The 1999 amendment to N.C. Gen. Stat. §20-309(a) increased the policy limits for liability coverage for commercial carriers. Corn, 226 F.Supp.2d at 783 n. 2 (*citing* N.C.Gen. Stat. §20-309 and 49 C.F.R. §387.9.)

("Travelers"). Corn, 226 F.Supp.2d at 781. Plaintiffs also initiated a separate state court action alleging negligence against Precision and its driver in which Travelers was not named as a defendant. Id. Travelers had already admitted liability based upon the negligence of Precision's employee and tendered the policy limit to plaintiffs. Travelers removed the state declaratory judgment action to federal court based upon diversity jurisdiction. Id. Plaintiffs moved to remand. Id. Considering application of §1332(c)(1), Judge Thornburg rejected Travelers' argument that complete diversity was present because the suit could *not* be deemed a "direct action" for purposes of the statute. Id. at 783. Judge Thornburg explained that for purposes of §1332(c)(1):

> A "direct action" is a tort claim in which the insurer essentially stands in the shoes of its legally responsible insured . . . . ***This is in contrast to cases in which the injured party seeks to hold the insurer responsible for breaching the terms of its insurance policy or for its independent tortious acts***."

Corn, 226 F.Supp.2d at 783 (*emphasis added*). In light of Travelers' position regarding liability, and its willingness to honor the terms of the liability policy (subject to the policy limit), the court found that Travelers, in fact, stood in the shoes of its insured such that the declaratory action fell within the meaning of "direct action." Id. (Travelers' status described as that of "payor of a judgment based upon the negligence of one of its insureds.") Judge Thornburg deemed Travelers and Precision both citizens of North Carolina and complete diversity was defeated. Id. at 782-783. Unlike the instant case, Corn did not involve any allegation that the insurer was not living up to its obligations under the insurance contract.

Although the Supreme Court has never been required to decide the meaning of "direct action" for purposes of 28 U.S.C. §1332(c)(1), the interpretation adopted in Corn is consistent with Supreme Court dictum. *See* Northbrook Nat'l Ins. Co. v. Brewer, 493 U.S. 6, 9 n.1 (1989) (failing to reach plaintiff's argument that its claim does not involve a "direct action" within the meaning of §1332(c)). In Northbrook, the Supreme Court explained well the legislative history behind the codification of

4

Section 1332(c)(1). Northbrook Nat'l Ins. Co., 493 U.S. at 9-10 (explaining that the 1964 amendment to Section 1332(c) was in response to a sharp increase in the caseload of federal district courts triggered by state direct action statutes that allowed a party injured by the negligence of an insured to pursue his right of action against the insurer alone). More specifically,

> Congress enacted Section 1332(c)(1) "to eliminate under the diversity jurisdiction of the U.S. district courts, suits on certain tort claims in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly against a foreign insurance carrier without joining the local tort-feasor as a defendant."

Northbrook Nat'l Ins. Co., 493 U.S. at 10; Corn, 226 F.Supp.2d at 783 (*quoting* Mennen Co. v. Atlantic Mut. Ins. Co., 147 F.3d 287, 290 (3rd Cir.1998)) ("One of Congress's main purposes in enacting §1332(c)(1) was to curtail the availability of diversity jurisdiction.")

Plaintiff Boyd cites Northbrook for the proposition that the Court should interpret the statute according to its plain meaning rather than look to legislative history. (*See* Pl.'s Obj. ¶¶5, 6) Northbrook Nat'l Ins. Co., 493 U.S. at 9 ("We hold that the direct action proviso is not applicable in this case because [plaintiff's] suit was an action *by*, not against, an insurer.") However, as Northbrook and Corn both demonstrate, the statute's purported plain meaning is not "plain" in application. *See* White v. United States Fidelity and Guaranty Co., 356 F.2d 746, 748 (1st Cir. 1966) (rejecting plaintiff's argument that there is no need to consider the legislative purpose - "Even were we so to proceed with the canons of statutory construction, and consider every word as having significance, we would have trouble in accounting for the deliberate use of the adjective 'direct.'") Therefore, it is entirely appropriate to consider what Congress intended.

In this case, Plaintiff is the insured – not "a person with a claim against the insured," and not the "legally responsible" insured. Instead, Plaintiff, having already secured a judgment against the tortfeasors, pursues an action against its own insurance provider for allegedly failing to honor

5

the policy provisions Plaintiff contends entitles him to relief (*i.e.*, uninsured motorist provision). As a result, Section 1332(c)(1) does not apply. <u>Corn</u>, 226 F.Supp.2d at 782-783; *See also* 32A Am. Jur. 2d FEDERAL COURTS §728 ("Actions which do <u>not</u> constitute direct actions for purposes of diversity jurisdiction include: actions by an insured against the insurer, such as an insured's action against the insurer for breach of the duty of good faith . . . .") For these reasons, there is complete diversity among the parties and the Court has subject matter jurisdiction over Plaintiff's claims.

### IV. CONCLUSION

Despite Plaintiff's objection, the Court finds that complete diversity exists. Therefore, the Court concurs with the findings of fact and conclusions of law specified in the Magistrate Judge's "Memorandum & Recommendation" filed on February 7, 2008, and hereby incorporates those findings and conclusions to the extent they are consistent with the findings of this Order.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion To Remand is **DENIED**.

Signed: April 10, 2008

Richard L. Voorhees
United States District Judge